IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-0010-RBJ

ROBERT BAKER,

      Plaintiff,

v.

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,
ALLSTATE INSURANCE COMPANY, and
NATIONWIDE MUTUAL INSURANCE COMPANY

      Defendants.

---

**STIPULATED MOTION FOR PROTECTIVE ORDER**

---

COMES NOW the Plaintiff Robert Baker, the Defendant Allstate Insurance Company, and the Defendants, Allied Property and Casualty Insurance Company and Nationwide Mutual Insurance Company, by and through the undersigned, Nicholas W. Mayle, of Killian & Davis, P.C. Anthony R. Clapp, of Harris, Karstaedt, Jamison & Powers, P.C., and John P. Craver, of White and Steele, P.C., and for a Stipulated Motion for Protective Order states as follows:

Each party and each counsel of record stipulate and move the Court for the following protective order pursuant to Rule 26(c) of the Colorado Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefore, state as follows:

    1.    In this action, Plaintiff has sought and/or is seeking Confidential Information (as defined in Paragraph 3 below).

2. The parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The parties assert that disclosure of certain of such information outside the scope of this litigation could result in significant harm to one or more of the parties' business or privacy interests. The parties have entered into this Stipulation and request that the Court enter a protective order for purposes of preventing the disclosure and use of certain Confidential Information, except as set forth herein.

3. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the parties in the manner provided in Paragraph 4 below as containing Confidential Information, including any and all Allied Property and Casualty Insurance Company adjuster training manuals, claims adjusting handbooks, manuals, methods of production, internal claims handling procedures (written or otherwise), internal claims adjusting guidelines, and any other proprietary information, agency manuals, directives, rating guides, or marketing materials.

4. Where Confidential Information is produced, provided or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

> By imprinting the words "Confidential—Subject to Protective Order" on the first page or cover of any document produced;
>
> By imprinting the words "Confidential—Subject to Protective Order" next to or above any response to a discovery request; and
>
> With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential—

Subject to Protective Order" no later than ten calendar days after receipt of the transcribed testimony.

5. All Confidential Information may be disclosed only to the following persons, and only for the purposes of this action:

  a. This Court, including Court personnel, court reporters and persons operating video recording equipment at depositions in this action;

  b. Counsel who have appeared of record for a party in this action and partners, associates, legal assistants or other employees of such counsel assisting in the prosecution or defense of this action;

  c. Persons retained by the parties or their attorneys to assist in the prosecution or defense of this action (including consultants or expert witnesses and third-party vendors and their employees retained by the parties or counsel who are involved in one or more aspects of copying, microfilming, reorganizing, filing, coding, converting, storing or retrieving data);

  d. Witnesses or potential witnesses; and

  e. The parties, which, for purposes of this order, includes officers, directors, and employees.

6. All Confidential Information provided by a Party in response to a discovery request, or transcribed testimony, shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

    b.    It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

The provisions of this paragraph shall not apply to witnesses or potential witnesses who are also parties or officers, directors or employees or agents of parties.

7.    Individuals authorized to review Confidential Information pursuant to this protective order, including, but not limited to, the parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either orally or in writing, to any other person, entity or governmental agency unless authorized to do so by this protective order or other court order.

8.    The party's counsel who discloses Confidential Information shall take all steps reasonable and appropriate to ensure compliance with the terms of this protective order with respect to persons to whom such Confidential Information is disclosed, and shall obtain and retain the original affidavit signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed. Confidential Information shall not be disclosed to any of the persons referred to in paragraph 5(c) and (d) until such persons have been provided with a copy of this Protective Order and have signed an affidavit in the form of Exhibit A. All parties shall retain any such agreements and make them

available to counsel for other parties upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes or for review by experts in this case. Any such copies shall be made and used solely for the purposes of this litigation.

10. During pendency of this litigation, the party's counsel and expert witnesses/consultants retained by the party's counsel shall retain custody of Confidential Information and copies made therefrom, pursuant to Paragraph 8 above.

11. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

12. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

> Confidential—Subject to Protective Order. This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, nor shown to, persons other than those entitled to have access to such documents under the protective order entered on [         ] in *Robert Baker v. Allied Property and Casualty Insurance Company, Allstate Insurance Company, and Nationwide Mutual Insurance Company*, Civil Action No. 12-cv-0010-RBJ

13. Any pleadings or briefs filed by the parties that either quote or discuss the contents of the information designated as Confidential Information shall identify the material by page number and paragraph and shall be filed under seal.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this protective order, and the Court shall retain continuing jurisdiction to enforce the terms of this protective order.

15. By agreeing to the entry of this protective order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. Neither the taking of any action in accordance with the provisions of this protective order, nor the failure to object thereto, shall be construed as a waiver of any claims or defenses in this action.

17. Upon termination of this litigation, including any appeals, each party's counsel shall immediately either return to the producing party all Confidential Information provided subject to this protective order, including all copies thereof, or, in the alternative, provide a signed affidavit by each party and their counsel that all confidential materials have been

destroyed. At that time, counsel shall also provide a list of individuals who have received Confidential Information which counsel shall have maintained pursuant to Paragraph 8 herein.

18. Nothing in this protective order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Colorado Rules of Civil Procedure or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

SO ORDERED this 13th day of July, 2012.

BY THE COURT:

/s/ Judge J Rue
US Magistrate Judge

STIPULATED AND AGREED TO BY:

| | |
|---|---|
| s/ Nicholas W. Mayle | s/ John P. Craver |
| J. Keith Killian, | John P. Craver |
| Nicholas W. Mayle, | Robin L. Bowers |
| Killian & Davis, P.C. | White and Steele, P.C. |
| 202 North Seventh Street | Dominion Towers, North Tower |
| Post Office Box 4859 | 600 17th Street, Suite 600N |
| Grand Junction, Colorado 81502 | Denver, CO 80202-5406 |
| *Attorneys for Plaintiff Robert Baker* | *Attorneys for Defendant Allied Property and Casualty Insurance Company and Nationwide Mutual Insurance Company* |

s/Anthony R. Clapp
Anthony R. Clapp
Harris, Karstaedt, Jamison & Powers, P.C.
10333 East Dry Creek Road, Suite 300
Englewood, Colorado 80112
*Attorneys for Defendant Allstate Insurance Company*

8

CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2012, I electronically filed the foregoing, _, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

J. Keith Killian, Esq.
Nicholas W. Mayle, Esq.
Killian & Davis, P.C.
202 North Seventh Street
Post Office Box 4859
Grand Junction, Colorado 81502
*Attorneys for Plaintiff*

Anthony R. Clapp, Esq.
Jane Bendle Lucero, Esq.
Harris, Karstaedt, Jamison & Powers, P.C.
10333 East Dry Creek Road, Suite 300
Englewood, Colorado 80112
*Attorneys for Defendant Allstate*

s/ Dawn Ross
White and Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202-5406
Telephone: 303-296-2828
Facsimile:    303-296-3131