IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson
Referred to: Magistrate Judge Gudrun J. Rice

Civil Action No. 12-cv-0010-RBJ-GJR

ROBERT BAKER

    Plaintiff,

v.

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,
ALLSTATE INSURANCE COMPANY,
NATIONWIDE MUTUAL INSURANCE COMPANY,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER REGARDING ALLSTATE INSURANCE COMPANY'S PROPRIETARY AND CONFIDENTIAL DOCUMENTS

---

The Parties, by and through their respective counsel, hereby submit this stipulated Protective Order for Allstate Property and Casualty Insurance Company's proprietary and confidential documents which have been sought by Plaintiffs in the above-captioned proceeding (the "Proceeding"). The requested documents are for internal use and training and not intended or made available for use by Allstate's competitors or others outside Allstate.

It has been agreed by and among the parties in the Proceeding, through their respective counsel, that a Protective Order preserving the confidentiality of Allstate's

{7569.0907 Doc #:00260886;1}             1

proprietary and confidential documents should be entered, and the Parties request that this Court hereby enter this stipulated Protective Order.

Accordingly, the Parties submit this Protective Order as follows:

1. Plaintiffs are allowed to disclose Allstate Insurance Company's proprietary documents only to the following persons:

   a. Outside counsel employed by Plaintiffs to assist in the Proceeding; the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

   b. Such officers and employees of Plaintiffs as outside counsel deems necessary in connection with this Proceeding;

   c. Any outside consultant, investigator or expert who is assisting counsel or a party to the proceeding and to whom it is necessary to disclose the proprietary documents for the purpose of assisting in, or consulting with respect to, the preparation of *this* Proceeding;

   d. The Court and any members of its staff to whom it is necessary to disclose the proprietary documents for the purpose of assisting the Court in this Proceeding.

  e. Stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding;

  f. Deponents, including their counsel, in this Proceeding;

  g. Any person who a party's attorney believes may be called to give testimony at any stage of this Proceeding on matters relating to the proprietary documents (provided, however, that all documents and copies thereof shall be returned by the potential witness and/or his or her attorney to the party or its attorney upon final resolution of this Proceeding);

  2. Before counsel may disclose any Protected Document to persons not counsel or legal support personnel within the firms executing this Order, such recipients shall execute a declaration of disclosure.

  3. Persons having knowledge of the proprietary documents by virtue of their participation in the conduct of the Proceeding shall use the proprietary documents only in connection with the prosecution, defense or appeal of the Proceeding. Said persons shall neither use the proprietary documents for any other purpose nor disclose the contents of the proprietary documents to any person who is not listed in paragraph 1 of this Protective Order.

4. Counsel shall take all reasonable steps to ensure the security of the proprietary documents and will limit access to them to those person listed in this Protective Order.

5. Except as agreed in writing by counsel of record, to the extent the proprietary documents are, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in sealed envelopes and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified with the caption of this action and shall bear the following statement which shall also appear on the sealed envelope:

**CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER**

> Contents hereof are confidential and are subject to a court-ordered protective order governing the use and dissemination of such contents.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court. The protection to be afforded the proprietary documents at trial of this Proceeding shall be addressed in the pre-trial order to be entered in this Proceeding.

{7569.0907 Doc #:00260886;1}                     4

6. Upon the conclusion of the Proceeding, including any appeals related thereto, any and all copies of the proprietary documents shall be returned within sixty (60) calendar days to Defendant Allstate Insurance Company. In the alternative, the Plaintiffs may certify that all copies of such materials shall remain confidential until the _time_ of their destruction.

7. If the proprietary documents are disclosed to any person other than in the manner authorized by this Protective Order, Plaintiffs shall immediately upon learning of such disclosure inform Allstate Insurance Company of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

8. This Protective Order shall survive the termination of this Proceeding and continue in full force and effect.

Respectfully submitted this 10th day of July, 2012.

*Original signatures on file with HARRIS, KARSTAEDT, JAMISON & POWERS, P.C., Killian & Davis, P.C. and White & Steele, P.C., respectively.*

/s/ Anthony R. Clapp
Jamey W. Jamison, #10953
Anthony R. Clapp, #27092
Caitlin S. Quander, #40418
HARRIS, KARSTAEDT, JAMISON & POWERS, P.C.
10333 East Dry Creek Road, Suite 300
Englewood, Colorado 80112
(720) 875-9140
*Attorneys for Allstate Property and Casualty Insurance Company*

/s/ Nicholas W. Mayle, Esq.
J. Keith Killian, Esq.
Nicholas W. Mayle, Esq.
Killian & Davis, P.C.
202 North Seventh Street
P.O. Box 4859
Grand Junction, CO 81502
*Attorneys for Plaintiff*

/s/ John P. Craver, Esq.
John P. Craver, Esq.
Robin L. Bowers, Esq.
White & Steele, P.C.
600 17th Street, #600N
Denver, CO 80202-5406
*Attorneys for Allied Property and Casualty Insurance Company and Nationwide Mutual Insurance Company*

**ORDER**

APPROVED, ORDERED AND ENTERED this 13th day of July, 2012.

BY THE COURT:

_____
~~District Court~~ Judge
U S Magistrate Judge

{7569.0907 Doc #:00260886;1}